IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL J. BLEA,

        Petitioner,

vs.                                                No. CV 21-00765 DHU/KRS

UNITED STATES,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Writ of Habeas Corpus filed by Petitioner Gabriel J. Blea on August 16, 2021 (Doc. 1), which the Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). The Court will dismiss the Petition without prejudice for failure to comply with a Court order, statutes, and rules, and failure to prosecute.

Petitioner, Gabriel J. Blea filed this habeas corpus case claiming that the U.S. Attorneys Office has failed to prosecute New Mexico and United Sates Government Racketeering Influenced Corrupt Organization. (Doc. 1 at 1). Petitioner claims that the U.S. Attorneys are members of a fictitious British Accreditation Registry (B.A.R.) and are loyal to Britain. Therefore, they have committed treason, major fraud, and operating a RICO, they have no jurisdiction, and they should be stripped of their citizenship and prosecuted for their crimes. (Doc. 1 at 1-3). Petitioner seeks immediate release from custody based on the United States' lack of jurisdiction to prosecute him. (Doc. 1 at 1-2).

1

Petitioner did not pay the $5 filing fee or submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On September 10, 2021, the Court ordered Petitioner pay the filing fee or submit an application to proceed under § 1915 within 30 days. (Doc. 3 at 1-2). The Order also notified Petitioner that his Petition was not in proper form and directed him to submit a Petition in proper form within 30 days. (Doc. 3 at 1-2). The Court also informed Petitioner that, if he did not pay the filing fee, submit an application to proceed under § 1915, or submit a Petition in proper form within 30 days, the Court could dismiss the case without further notice. (Doc. 3 at 2). Last, the Court provided Petitioner with forms and instructions for a § 1915 application to proceed and a habeas corpus petition under 28 U.S.C. § 2241. (Doc. 3 at 3).

Petitioner did not pay the filing fee, submit an application to proceed *in forma pauperis*, file a Petition in proper form, or respond to the Court's Order. Instead, all mail sent to Petitioner at his address of record has been returned as undeliverable. (Doc. 2, 4, 6). Petitioner has never responded to the Court's September 10, 2021 Order and has not communicated with the Court since he filed the Petition on August 16, 2021.

At the time it was filed, the Petition indicated that Petitioner was in custody at the Cibola County Detention Center. (Doc. 1). However, mail addressed to Petitioner at Cibola County Detention Center has been returned as undeliverable. (Doc. 2, 4, 6). A review of BOP and New Mexico Corrections Department records indicate that Petitioner Blea is no longer in custody at the Cibola County Detention Center, and he has not provided the Court with any current address.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the Petitioner or authorize Petitioner to proceed without prepayment of the fee. Petitioner was directed to pay the $5 filing fee or submit an application to proceed under § 1915. (Doc. 3). Petitioner has failed to pay the filing fee or submit an application to proceed as ordered by the

Court. The local rules also require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner Blea has failed to comply with D.N.M. LR-Civ. 83.6, failed to pay the filing fee, failed to submit an application to proceed, failed to submit a Petition in proper form as ordered by the Court, and failed to communicate with the Court.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Petitioner Blea has failed to comply with the Court's Order, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with D.N.M. LR-Civ. 83.6, and failed to prosecute this action. The Court may dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with a court order. *Olsen v. Mapes*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and a Court Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the Writ of Habeas Corpus filed by Petitioner Gabriel J. Blea on August 16, 2021 (Doc. 1), which the Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Order, and for failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE